IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EBB O'NEAL III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-047 |
| | ) | |
| STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Laurens County Law Enforcement Center in Dublin, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Although Plaintiff does not specify the statute or law under which he is suing, based on his allegations described in further detail below, the Court finds that he is attempting to state claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Plaintiff has filed an amended complaint, and because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

The Court previously reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 7). When Plaintiff failed to submit an amended complaint, even after receiving a warning from the Court (see doc. no. 4), the Court recommended that Plaintiff's case be dismissed for want of prosecution, (see doc. no. 5). In a letter objecting to the recommendation, Plaintiff stated that he had not received at least one of the Orders issued in this case and indicated that he wished to proceed with his lawsuit. (See doc. no. 7). Accordingly, the Court vacated its Report and Recommendation and directed Plaintiff to filed an amended complaint. (See doc. no. 8). Plaintiff has now submitted an amended complaint (doc. no. 9), and it is this document that the Court will now screen.

## I. BACKGROUND

Liberally construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the Dublin Judicial Circuit of the State of Georgia, and (2) the Carl Vinson Veterans Administration Medical Clinic ("VAMC"). (Doc. no. 9, pp. 1, 5). According to Plaintiff, on October 26, 2007, Kirk Hartwell, who Plaintiff contends was acting under the authority of the VAMC, obtained a warrant for Plaintiff's arrest on the charge of terroristic threats and acts. (Id. at 3-4). Plaintiff alleges that this warrant contained false information about the events leading to his arrest. (Id. at 3). Plaintiff further states that on October 27, 2007, Magistrate Judge Snell, who signed the warrant, impermissibly transferred his bond hearing to the Superior Court. (Id.). However, Plaintiff contends that he never received a bond hearing there. (Id.).

Plaintiff goes on to allege that he has been indicted twice on the "exact same charges" for the same incident, which Plaintiff contends has subjected him to double jeopardy. (Id.). On August 6, 2008, Plaintiff was purportedly informed by the Public Defender's Office of the Dublin Judicial Circuit that Plaintiff's witness, Nicole Golden, had never been reached, nor had any attempt been made to reach her. (Id.). Plaintiff purportedly went to trial on August 11, 2008, and was convicted on the charge of terroristic threats and acts. (Id. at 3-4). As relief, Plaintiff seeks $71,700,000 if this civil action does not go to trial and increases his demand to $143,400,000 in damages if this case does go to trial. (Id. at 4). Finally, Plaintiff requests that the conviction for terroristic threats and acts be "expunge[d] from [his] record." (Id.).

## II. DISCUSSION

### A. Defendants Not Named in Amended Complaint

In the January 5, 2010 Order directing Plaintiff to amend his complaint, Plaintiff was warned that his amended complaint would supersede his previously filed complaints. (Doc. no. 8, p. 3 (citing Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994))). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id.). Upon review of the amended complaint, the Court finds that Plaintiff no longer names the following entities as Defendants: (1) the State of Georgia; (2) the State of Georgia, Board of Pardon and Parole, Dublin District; and (3) the State of Georgia, Dublin Judicial Circuit, Public Defender's Office. As Plaintiff does not name these

Defendants in the caption or describe in the body of the amended complaint any actions taken by these three Defendants, these Defendants should be dismissed from this lawsuit.

**B.     Claims Against the VAMC and the Dublin Judicial Circuit**

Plaintiff alleges that Kirk Hartwell, an individual acting under the authority of the VAMC, obtained a false warrant for his arrest. Notably, Mr. Hartwell is not a named Defendant in this action. Rather, based on Plaintiff's allegation that Mr. Hartwell was acting under the VAMC's authority, it appears that Plaintiff is seeking to hold the VAMC liable for Mr. Hartwell's actions.

Notably, the VAMC is a part of the United States Department of Veterans Affairs,[1] and the Supreme Court has held that absent a waiver of sovereign immunity, the federal government and its agencies are immune from suit. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). As summarized in a later opinion, in Meyer, the Supreme Court

> unanimously declined to extend Bivens to permit suit against a federal agency, even though the agency-because Congress had waived sovereign immunity-was otherwise amenable to suit. . . . Our opinion emphasized that "the purpose of Bivens is to deter the *officer*," not the agency. . . . Accordingly, to allow a Bivens claim against federal agencies "would mean the evisceration of the Bivens remedy, rather than its extension."

Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69-70 (2001) (internal citations omitted); see also Nalls v. Coleman Low Fed. Inst., 307 Fed. App'x 296, 298 (11th Cir. 2009) (*per curiam*) (recognizing holding in Meyer); Ramsey v. Principi, 284 Fed. App'x 548, 549 (10th Cir. 2008) (noting with approval the dismissal of the plaintiff's claims against the Secretary of the Department for Veterans Affairs because its sovereign immunity had not been waived

---

[1] See United States Dep't of Veterans Affairs, Carl Vinson VA Medical Center - Dublin, Georgia, http://www.dublin.va.gov.

4

under Bivens). Accordingly, the VAMC is immune from suit, and Plaintiff's claims against this Defendant fail as a matter of law.

As to Plaintiff's claims against the Dublin Judicial Circuit, it is well-settled that a state court is not a "person" subject to suit under § 1983. See Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988) (*per curiam*); see also Rolle v. Raysor, No. 407-CV-285, 2007 WL 2698316, at *2 (N.D. Fla. Sept. 12, 2007) (dismissing claims against multiple judicial circuits because they were not subject to suit under § 1983); Moity v. La. State Bar Ass'n, 414 F. Supp. 180, 182 (D.C. La. 1976) (holding that the Supreme Court of Louisiana was not a legal entity subject to suit under § 1983), *aff'd* 537 F.2d 1141 (5th Cir. 1976).[2] Accordingly, Plaintiff's claims against the Dublin Judicial Circuit also fail as a matter of law.

## C. Claims Barred by Heck v. Humphrey, 512 U.S. 477 (1994)

Even if Plaintiff could sue the VAMC and the Dublin Judicial Circuit, his claims that he was subjected to double jeopardy, denied bond, and that the public defender's office never attempted to contact an exculpatory witness are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Indeed, the Supreme Court has held that, when an inmate's allegations rest on the invalidity of his imprisonment, his 42 U.S.C. § 1983 claim does not accrue until that invalidity is proven. Heck, 512 U.S. at 489-90. Furthermore, the Supreme Court stated that, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed, unless the conviction or sentence has already be invalidated. Id. at 487. Conversely, 42 U.S.C. § 1983 is the appropriate

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

5

course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. See Heck, 512 U.S. at 483.

As noted above, Plaintiff contends that for various reasons, he is unlawfully confined after being convicted of terroristic threats and acts. Furthermore, Plaintiff seeks a varying amount of damages attributable to his conviction and confinement, depending on whether this civil action proceeds to trial. Thus, a successful § 1983 action based on Plaintiff's allegations concerning his conviction would necessarily imply the invalidity of his conviction and confinement. Furthermore, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations concerning his confinement as a result of an alleged unlawful conviction are not actionable

6

in a civil rights case. Accordingly, even if Plaintiff could sue the VAMC and the Dublin Judicial Circuit, his claims that he was subjected to double jeopardy, denied bond, and that the public defender's office never attempted to contact an exculpatory witness are subject to dismissal because they are barred by Heck.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the following Defendants be **DISMISSED** from this action: (1) the State of Georgia; (2) the State of Georgia Board of Pardon and Parole, Dublin District; and (3) the State of Georgia, Dublin Judicial Circuit, Public Defender's Office. The Court further **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE